UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MELISSA A. CHILANO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:15-CV-217-PLR-DCP |
| | ) |
| ANDREW M. SAUL,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the rules of this Court for a report and recommendation regarding disposition of Plaintiff's Petition for Approval of 406(b) Attorney Fees [Doc. 17], filed on March 20, 2019. Plaintiff's counsel moves for an award of $3,500 in attorney's fees and $100.46 in administrative costs for work performed on behalf of Plaintiff's application for disability benefits. For the reasons stated more fully below, the Court will **RECOMMEND** that Plaintiff's Petition be **GRANTED IN PART**.

**I.     BACKGROUND**

Plaintiff filed a Complaint with this Court on May 22, 2015, seeking judicial review of the final decision of the Commissioner denying benefits. [Doc. 1]. However, on December 8, 2015, the parties filed a Joint Motion to Remand to the Social Security Administration Pursuant to Sentence Four of 42 U.S.C. 405(g) [Doc. 14]. On January 12, 2016, the Court remanded Plaintiff's

---

[1] Andrew M. Saul was sworn in as the Commissioner of Social Security on June 17, 2019, during the pendency of this case. Therefore, pursuant to Federal Rule of Civil Procedure 25(d), Andrew M. Saul is substituted as the Defendant in this case.

case to the Administrative Law Judge ("ALJ") to: further consider the extent to which the claimant's use of a walker is medically necessary; evaluate the claimant's maximum residual functional capacity, including a limitation to address the claimant's medically necessary use of a walker; and, conduct a hearing, at which the ALJ will pose a vocational expert hypothetical that states the claimant's residual functional capacity, which includes the use of a walker, to determine whether the claimant can perform other work in the national economy. [Doc. 15]. Plaintiff's instant petition, filed March 20, 2019, now seeks an award of attorney's fees and expenses pursuant to 42 U.S.C. § 406(b). [Doc. 17].

## II. POSITIONS OF THE PARTIES

Plaintiff's counsel requests an award of attorney's fees pursuant to 42 U.S.C. § 406(b) based on her contingency fee agreement with the Plaintiff. [Doc. 17]. Counsel asserts that Plaintiff was awarded past-due benefits, of which $8,186.75 was withheld for payment of fees associated with the award, and that Plaintiff contracted with counsel to pay twenty-five percent of any past-due benefits received, which equals $3,500.00 in attorney's fees. [*Id.* at 1]. Counsel submits that this amount is reasonable and should be upheld pursuant to *Gisbrecht v. Barhhart*, 535 U.S. 789 (2002). [*Id.*]. Counsel also seeks $100.46 for administrative costs incurred in Plaintiff's claim. [*Id.*].

The Commissioner subsequently filed a Response [Doc. 19] stating that he does not oppose payment of an attorney's fee in the amount of $3,500.00, but does oppose the payment of administrative costs, as "[w]hile 42 U.S.C. § 406(b) does authorize the payment of attorney's fees, the section does not authorize the payment of costs." [*Id.* at 1].

## III. ANALYSIS

Section 406(b) permits courts to award "a reasonable [attorneys'] fee . . . not in excess of

2

25 percent," payable "out of . . . [the claimant's] past-due benefits" when a claimant secures a favorable judgment. 42 U.S.C. § 406(b)(1)(A). Accordingly, three conditions must be met before 406(b) fees will be awarded:

> 1. The Court must have rendered a judgment favorable to the Plaintiff;
>
> 2. The Plaintiff must have been represented by counsel; and
>
> 3. The Court must find that the fee is reasonable and not in excess of twenty-five (25) percent of the total past-due benefits to which Plaintiff is entitled.

*See id.* The Court will address each condition in turn.

### A.     Favorable Judgment

In this case, the Plaintiff obtained a "sentence four" remand, which, for purposes of section 406(b), may be considered a "favorable judgment." *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006). Thus, the Court finds that the first condition for granting attorney's fees under section 406(b) has been met.

### B.     Representation by Counsel

In support of the motion for attorney's fees, Plaintiff's counsel attached a signed agreement between counsel and the Plaintiff, which provides for a contingent fee in the amount of twenty-five percent of the past-due benefits received by the Plaintiff as payment for counsel's representation. [Doc. 17-1]. Accordingly, the Court finds that the Plaintiff was represented by counsel for this claim.

### C.     Reasonableness of Fee Amount

Counsel for Plaintiff submits that a fee request of twenty-five percent of the past-due benefits awarded to the Plaintiff is reasonable because the twenty-five percent cap has been upheld

3

by case law, is consistent with the agreement between counsel and the Plaintiff, and the amount requested is reasonable. [Doc. 17 at 1]. The Commissioner responds [Doc. 19] that he does not oppose the requested $3,500.00 in attorney's fees.

However, the Court must still independently determine whether the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 807. The Court of Appeals for the Sixth Circuit has held that "if the agreement states that the attorney will be paid twenty-five percent of the benefits awarded, it should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). The presumption may be overcome by a showing that "1) the attorney engaged in improper conduct or was ineffective, or 2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 419 (6th Cir. 1990) (citing *Rodriquez*, 865 F.2d at 746). If neither circumstance applies, "an agreement for a [twenty-five percent] fee . . . is presumed reasonable." *Id.* at 421.

Here, the Commissioner has not alleged, and the Court is not aware of, any improper conduct, delay, or ineffective representation on the part of Plaintiff's counsel. In fact, counsel was able to achieve favorable results as this case was remanded to the Commissioner and an award of benefits was ultimately granted to the Plaintiff. Thus, counsel was effective in her representation as she was able to achieve a favorable result.

Turning to whether the requested fee amount would constitute an underserved windfall, the Sixth Circuit Court of Appeals "provides a floor" for determining the reasonableness of requested 406(b) fees. *Hayes*, 923 F.2d at 422. Where the amount requested divided by the numbers of hours expended is less than twice the standard rate for such work in the relevant market, the requested fee is *per se* reasonable. *Id.* The Sixth Circuit continued,

4

> If the calculated hourly rate is above this floor, then the court may consider arguments designed to rebut the presumed reasonableness of the attorney's fee. Such arguments may include, without limitation, a consideration of what proportion of the hours worked constituted attorney time as opposed to clerical or paralegal time and the degree of difficulty of the case. Factors such as these should inform the district court's determination of whether the attorney would "enjoy a windfall because of . . . minimal effort expended."

*Id.* (quoting *Rodriquez*, 865 F.2d at 746.).

In this case, Plaintiff's counsel requests a fee award in the amount of $3,500.00, and the Social Security Administration previously withheld $8,186.75 of Plaintiff's past-due benefits. Plaintiff's counsel included an itemized timesheet detailing 14.2 hours spent litigating this case [Doc. 17-4]. The Court notes that the affidavit of Plaintiff's counsel [Doc. 17-3] states that the rate charged for paralegal work was between $50.00 to $60.00 per hour, although the itemized timesheet does not delineate the work performed by counsel versus paralegals in this case. However, the affidavit of counsel also states that she typically charges $250.00 per hour in non-contingent fee work which is within the normal range of fees charged by other attorneys in the area with similar experience and specialized skills. [*Id.*]. Finally, in an affidavit submitted by a partnering attorney, counsel's certification as a specialist in social security disability law by the National Board of Trial Advocacy is highlighted. [Doc. 17-3].

The Court considers the factors set forth in *Hayes*, the affidavits and itemized bill set forth by Plaintiff, the lack of opposition from the Commissioner, and the nature and complexity of the case, and finds the contingency fee award in the amount of $3,500.00 is reasonable. Moreover, the Court is mindful of the nature of contingency fee contracts and the risk absorbed by attorneys in these matters. *See Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990) (in considering contingency agreements, "we cannot ignore the fact that the attorney will not

5

prevail every time . . . Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast."). The Court also notes that the docket does not reflect that attorney's fees were awarded pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and counsel was able to file a joint motion for remand in the present case. Accordingly, the Court finds that an attorney's fee in the amount of $3,500.00 does not represent a windfall.

However, following the filing of the instant Petition, Plaintiff submitted a Bill of Costs to the Court on April 2, 2019. [Doc. 18]. In the Bill of Costs, Plaintiff requested $84.46 as fees and disbursements for printing, as well as $16.00 in other costs. [*Id.*]. The Clerk of Court issued its Findings on May 28, 2019 [Doc. 20], declining to tax $100.46 as costs against the Defendant, as Plaintiff failed to itemize these costs or provide any documentation to support the costs requested. Plaintiff failed to file an objection to the Finding of the Clerk. Further, the Court notes that the Social Security Administration's Program Operations Manual Systems ("POMS") GN 03920.010 provides that the Social Security Administration does "not authorize out-of-pocket expenses," as "[t]hese expenses are a matter for the representative and claimant to settle." *See* POMS GN 03920.010, *available at* https://secure.ssa.gov/apps10/poms.nsf/lnx/0203920010. Therefore, the Court recommends that Plaintiff's request for $100.46 in administrative costs be denied.

IV.  CONCLUSION

Based upon the foregoing, it is hereby **RECOMMENDED**[2] that Plaintiff's Petition for

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide de novo review where objections [to the Report and

6

Case 3:15-cv-00217-PLR-DCP   Document 21   Filed 12/23/19   Page 6 of 7   PageID #: 697

Approval of 406(b) Attorney Fees [**Doc. 17**] be **GRANTED IN PART**, and that Plaintiff's counsel be awarded $3,500.00 in attorney's fees.  The Court also notes that when attorney's fees are awarded for the same work under both the EAJA and section 406(b), the attorney is required to refund the smaller of the two fees to the claimant.  *Jankovich v. Bowen*, 868 F.2d 867, 871 n.1 (6th Cir. 1989).

          Respectfully submitted,

Debra C. Poplin
United States Magistrate Judge

---

Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)).  Only specific objections are reserved for appellate review.  *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

7